IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States District Court
Southern District of Texas
**ENTERED**
August 08, 2017
David J. Bradley, Clerk

| | |
|---|---|
| WANDA A. AKOREDE, § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION H-16-3518 |
| § | |
| TEXAS DEPARTMENT OF ASSISTIVE § | |
| REHABILITATION SERVICES and § | |
| TEXAS WORKFORCE COMMISSION, § | |
| § | |
| Defendants. § | |

**OPINION AND ORDER**

Pending before the Court in the above referenced cause, removed from the 133rd Judicial District Court of Harris County, Texas, alleging intentional age discrimination in violation of the Texas Labor Code § 21.051 and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 6223, *et seq.,* including hostile work environment and retaliation under both statutes, and Texas common law[1] are (1) Defendant Texas Workforce Commission's[2] ("TWC's")

---

[1] Plaintiff does not identify any common law claims. The Court notes that the State of Texas has not waived sovereign immunity for intentional tort claims such as defamation or intentional infliction of emotional distress. *Jones v. Performance Service Integrity*, 492 F. Supp. 2d 590, 598 (N.D. Tex. 2007), *citing Gillum v. City of Kerrville*, 3 F.3d 117, 122-23 (5th Cir. 1993); *Thomas v. City of Houston*, 537 Fed. Appx. 593,, 597 n.3 (5th Cir. 2013).

[2] Defendant Texas Workforce Commission ("TWC"), in its notice of removal (#1), explains that it was formerly known as Texas Department of Assistive and Rehabilitative Services ("DARS"). In subsequent amended pleadings, apparently acknowledging her error, Plaintiff Wanda A. Akorede styles this suit solely against TWC. For clarity, the Court refers to Defendant as "TWC" throughout

motion to dismiss (instrument #8) because Plaintiff Wanda A. Akorede's ("Plaintiff's" or "Akorede's") claims are barred by the Eleventh Amendment and (2) Plaintiff's motion to remand under 28 U.S.C. § 1447(c)(#14).

**Plaintiff's Original Petition (#1-3) and**

**First Amended Original Petition's (#4's) Factual Allegations**

It is undisputed that Defendant TWC is an agency of the State of Texas.[3]

Plaintiff Wanda A. Akorede, an African American female over the age of 40 and a resident of Texas, worked for the State of Texas for approximately nine and a half years, beginning in September 2007, when she was hired as a Vocational Rehabilitation Counselor I. In 2013 Plaintiff's manager, Mr. Ekere Williams ("Williams"), began harassing her by transferring to her the entire Comprehensive Rehabilitation Services ("CRS") case load, even though she already was managing the full Vocational Rehabilitation

---

this Opinion and Order.

[3] Tex. Labor Code § 301.001(a) ("The Texas Workforce Commission is a state agency established to operate an integrated workforce development system in this state, in particular through the consolidation of job training, employment, and employment-related educational programs available in this state, and to administer the unemployment compensation insurance program in this state."); *Salinas v. Texas Workforce Comm'n*, 2013 WL 4511638, at *4 (W.D. Tex. Aug. 22, 2013)("TWC is an agency of the State of Texas and, therefore, a suit against the TWC is a suit against the State of Texas."); *Daigle v. Gulf State Utilities Co. v. Local Union Number 2286*, 794 F.2d 974, 980 (5th Cir.), *cert. denied*, 479 U.S. 1008 (1986).

case load. Several months later the CRS case load was transferred out of the department, but Williams' harassment continued and intensified, including his violations of TWC policies and procedures by denying her leave requests after leave had already been approved. On September 11, 2014 she filed an administrative complaint against Williams for his abusive behavior. On or about October 28, 2014 TWC ruled in her favor and disciplined Williams for his conduct.

Williams then "began a systematic and persistent crusade to get Plaintiff terminated from her employment." #4, p. 4. First he began reviewing all of her work on completed cases in an effort to find errors for which he could discipline her, something he had not done to any other employees. On July 22, 2015, he commenced a disciplinary action against her, claiming that she had wrongfully issued payments amounting to approximately $400.00. Williams continued to exclude Akorede from meetings and to reverse her closed cases, even though her work was at least equal to or better than that of her co-workers. He also placed her on a disciplinary plan to receive more training, again under his review.

On September 10, 2012, Akorede filed a complaint with the Equal Employment Opportunity Commission ("EEOC), claiming retaliation based on age, race, and gender. She filed her state court action on September 20, 2016, alleging age discrimination in violation of the ADEA and retaliation in violation of the TCHRA,

and served the petition and citation for personal service on the Secretary of State's Office on November 4, 2016. At that point she was a Vocational Rehabilitation Counselor V. Defendant timely removed the case on November 29, 2016, based on federal question jurisdiction under the ADEA. On January 24, 2017, TWC filed its motion to dismiss Plaintiff's First Amended Complaint. Akorede filed her Second Amended Complaint (#12), without leave of Court, on February 9, 2017, and then an untimely motion to remand (#14) pursuant to 28 U.S.C. § 1447(c) the next day, 73 days after TWC's Notice of Removal. Plaintiff's three pleadings present essentially the same conclusory statements of fact, but the last one, her Second Amended Complaint, eliminated her ADEA claims, leaving only retaliation under the TCHRA.

The First Amended Original Petition presents two Counts: the first for "intentionally discriminat[ing] against Plaintiff because of her age in violation of the ADEA by continually harassing her and refusing to give Plaintiff merit pay increases or consider her for promotion but . . . gave younger employees in less favorable employment positions merit increases (#4, p. 5); second, "for retaliation in violation of § 21.055 of the TCHRA" after she "filed a charge of age, race, and gender discrimination with the EEOC and the TCHRA on September 10, 2015," which she claims still continues.

After reviewing the record and the applicable law, the Court agrees with TWC and concludes that as a matter of law, this suit is

barred by the Eleventh Amendment and sovereign immunity and must be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) for the reasons stated below.

**Standard of Review**

Rule 12(b)(1) allows a party to move for dismissal of an action for lack of subject matter jurisdiction. "'A case is properly dismissed under Rule 12(b)(1) when the court lacks the statutory or constitutional power to adjudicate the case.'" *Taylor v. Texas Southern Univ.*, Civ. A. No. 12-CV-01975, 2013 WL 3157529, at *2 (S.D. Tex. June 20, 2013), *citing Home Builder's Assoc. of Mississippi, Inc. v. City of Madison, Mississippi*, 143 F.3d 1006, 1010 (5th Cir. 2014). The party asserting that subject matter jurisdiction exists, here TWC, must bear the burden of proof by a preponderance of the evidence for a 12(b)(1) motion. *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008); *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert denied sub nom. Cloud v. U.S.*, 536 U.S. 960 (2002).

It has long been recognized that the Eleventh Amendment[4] bars

---

[4] The Eleventh Amendment states,

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens of Subjects of a Foreign state.

U.S. Const. amend. XI.

claims under the TCHRA and ADEA against a State not only in actions in which the State is actually named as the defendant, but also in certain actions against state agents and state instrumentalities. *Taylor v. Texas Southern Univ.*, 2013 WL 3157529, at *2.

In reviewing a motion under 12(b)(1) the court may consider (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). This case falls into the first category, the complaint alone.

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) is characterized as either a "facial" attack, i.e., the allegations in the complaint are insufficient to invoke federal jurisdiction, or as a "factual" attack, i.e., the facts in the complaint supporting subject matter jurisdiction are questioned. *In re Blue Water Endeavors, LLC,* Bankr. No. 08-10466, Adv. No. 10-1015, 2011 WL 52525, *3 (E.D. Tex. Jan. 6, 2011), *citing Rodriguez v. Texas Comm'n of Arts*, 992 F. Supp. 876, 878-79 (N.D. Tex. 1998), *aff'd*, 199 F.3d 279 (5th Cir. 2000). A facial attack happens when a defendant files a Rule 12(b)(1) motion without accompanying evidence. *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). In a facial attack, allegations in the complaint are taken as true. *Blue Water*, 2011 WL 52525 at *3,

*citing Saraw Partnership v. United States*, 67 F.3d 567, 569 (5th Cir. 1995). The challenge here is a facial attack.

If it is a factual attack, the Court may consider any evidence (affidavits, testimony, documents, etc.) submitted by the parties that is relevant to the issue of jurisdiction. *Id., citing Irwin v. Veterans Admin.*, 874 F.2d 1092, 1096 (5th Cir. 1989). A defendant making a factual attack on a complaint may provide supporting affidavits, testimony or other admissible evidence. *Patterson v. Weinberger*, 644 F.3d 521, 523 (5th Cir. 1981). The plaintiff, to satisfy its burden of proof, may also submit evidence to show by a preponderance of the evidence that subject matter jurisdiction exists. *Id*. The court's consideration of such matters outside the pleadings does not convert the motion to one for summary judgment under Rule 56(c). *Robinson v. Paulson*, H-06-4083, 2008 WL 4692392 at *10 (S.D. Tex. Oct. 28, 2008), *citing Garcia*, 104 F.3d at 1261. "Unlike in a facial attack where jurisdiction is determined upon the basis of allegations of the complaint, accepted as true[,] when a factual attack is made upon federal jurisdiction, no presumption of truthfulness attaches to the plaintiffs' jurisdictional allegations, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In a factual attack, the plaintiffs have the burden of proving that federal jurisdiction does in fact exist." *Evans v. Tubbe*, 657 F.2d 661, 663 (5th Cir. 1981). In

resolving a factual attack on subject matter jurisdiction under Rule 12(b)(1), the district court, which does not address the merits of the suit, has significant authority "'to weigh the evidence and satisfy itself as to the existence of its power to hear the case.'" *Robinson v. Paulson*, No. H-06-4083, 2008 WL 4692392, *10 (S.D. Tex. Oct. 22, 2008), quoting *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1261 (11th Cir. 1997), and citing *Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986).

A court's dismissal of a case for lack of subject matter jurisdiction is not a judgment on the merits and does not bar the plaintiff from pursuing his claim in a court that has jurisdiction. *Ramming*, 281 F.3d 158, 161 (5th Cir. 2001), *cert denied sub nom. Cloud v. U.S.*, 536 U.S. 960 (2002).

**Applicable Law**

**Eleventh Amendment Immunity**

Eleventh Amendment immunity must be addressed and resolved before the court reaches the merits of a suit. *United States v. Tex. Tech. Univ.*, 171 F.3d 279, 285-86 & n.9 (5th Cir. 1999). The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." The Eleventh Amendment bars a private individual

from suing a state in federal court unless the state consents to suit or unless Congress has clearly, unequivocally, and validly abrogated the state's sovereign immunity. *Jackson v. Texas Southern University,* 997 F. Supp. 2d 613, 623 (S.D. Tex. 2014). The Supreme Court has "consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974); *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 73 (2000)("[F]or over a century now, we have made clear that the Constitution does not provide for federal jurisdiction over suits against nonconsenting States."). Absent a waiver of immunity by a state or through a federal statute, the Eleventh Amendment bars suits against states and state agencies for money damages and declaratory and injunctive relief. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100-01 (1984); *Quern v. Jordan*, 440 U.S. 332, 337 (1979)(sovereign immunity protects a state from "a suit in federal court by private parties[5] seeking to impose a liability which must be paid from public funds"); *Cory v.*

---

[5] Sovereign immunity only protects States from private lawsuits--not from lawsuits by the federal government. *EEOC v. Bd. of Supervisors for the Univ. of Louisiana System,* 559 F.3d 270, 272 (5th Cir. 2009), citing *West Virginia v. U.S.*, 479 U.S. 305, 311 (1987)("States have no sovereign immunity as against the Federal Government."); *Alden v. Maine*, 527 U.S. 706, 755 (1999)("In ratifying the Constitution, the States consented to suits brought by other States or by the Federal Government."); *Seminole Tribe of Fla. v. Fla.*, 517 U.S. 44, 71 n.14 (1996)("'The Federal Government can bring suit in federal court against a State' in order to ensure its compliance with federal law.").

*White*, 457 U.S. 85, 91 (1982); *Voisin's Oyster House v. Guidry*, 799 F.2d 183, 185 (5th Cir. 1986). *See also Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 (5th Cir. 2002)(The Eleventh Amendment bars "an individual from suing a state in federal court unless the state consents to suit or Congress has clearly and validly abrogated the state's sovereign immunity."). "Congress may only abrogate a state's Eleventh amendment immunity by 'unequivocally' expressing its intent to do so and by acting 'pursuant to a valid exercise of power.'" *Cozzo v. Tangipaphoa Parish Council–President Government*, 279 F.3d 273, 281 (5th Cir. 2002), *citing Fla. Prepaid Postsecondary Educ. Expense Bd. v. Coll. Sav. Bank*, 527 U.S. 627, 634 (1999). The Eleventh Amendment's "withdrawal of jurisdiction effectively confers an immunity from suit." *Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993).

The Eleventh Amendment's "reference to actions 'against one of the United States' encompasses not only actions in which a State is actually named as a defendant, but also certain actions against state agents and state instrumentalities." *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997), *citing Poindexter v. Greenhow*, 114 U.S. 270, 287 (1885). "'[W]hen the action is in essence one for the recovery of money from the state, the state is the real substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials

are nominal defendants.'"". *Yowman v. Jefferson County Community Supervision & Corrections* Dept., 370 F. Supp. 2d 568, 583 (E.D. Tex. 2005), *citing Doe*, 519 U.S. at 429.

"Even in cases where the State itself is not a named defendant, the State's Eleventh Amendment immunity will extend to any state agency or other political entity that is deemed the 'alter ego' or an 'arm' of the State." *Vogt v. Bd. of Com'rs of Orleans Levee Dist.*, 294 F.3d 684, 688 (5th Cir. 2002), *citing Doe*, 519 U.S. at 429.[6] A State's agencies are also subject to suit in federal court, absent waiver of immunity by the State. *Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Inc.*, 506 U.S. 139, 144 (1993)("Absent waiver, neither a State nor agencies acting under

---

[6] When a state agency is the nominal defendant, the Fifth Circuit applies a six-factor test, with no single factor dispositive, but the source of the entity's funding is especially important because "a principal goal of the Eleventh Amendment is to protect state treasuries," to determine whether the suit is effectively against the sovereign state: "(1) whether state statutes and case law view the entity as an arm of the state; (2) the source of the entity's funding; (3) the entity's degree of local autonomy; (4) whether the entity is concerned primarily with local, as opposed to statewide, problems; (5) whether the entity has the authority to sue and be sued in its own name; and (6) whether the entity has the right to hold and use property." *Perez v. Region 20 Educ. Service Center,* 307 F.3d 318, 326-27 (5th Cir. 2002). "An entity need not show that all of the factors are satisfied; the factors simply provide guidelines for courts to balance the equities and determine if the suit is really one against the state itself." *Id.* at 327. Having the ability to sue or be sued apart from the state indicates immunity is probably not appropriate. *Id.* The most significant of the six factors "in assessing an entity's status is whether a judgment against it will be paid with state funds." *Delahoussaye v. City of New Iberia*, 937 F.2d 144, 147-48 (5th Cir. 1991).

its control may 'be subject to suit in federal court.'"). See *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 100 (1984)("[I]n the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment.").

In *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 62, 91 (2000), the Supreme Court held, "[I]n the ADEA, Congress did not validly abrogate the States' sovereign immunity to suits by private individuals" because even though the statute "contains a clear statement of Congress' intent to abrogate the States' immunity, that abrogation exceeded Congress' authority under section five of the Fourteenth Amendment." The Fifth Circuit has frequently stated after the issuance of *Kimel* that the State of Texas has not waived its immunity under the ADEA. *See, e.g., Sullivan v. Univ. of Texas Health Science Center at Houston Dental Branch*, 217 Fed. Appx. 391, 395 (5th Cir. 2014). A district court in the Fifth Circuit has applied *Kimel* to dismiss claims under the ADEA against TWC. *See Jones v. Performance Integrity*, 492 F. Supp. 2d 590, 597-98 (N.D. Tex. 2007). Although the Texas Labor Code §§ 21.002(8)(D) ("'Employer' means . . . a county, municipality, state agency, or state instrumentality, regardless of the number of individuals employed."), 21.002(14)(A) and (C)("'State agency' means a board, commission, council, department, institution, office, or agency in the executive branch of state government having statewide

-12-

jurisdiction . . . or an institution of higher education as defined by Section 61.003, Education Code.") waives Texas' sovereign immunity for claims under the TCHRA in Texas state court, it does not waive immunity for claims under the TCHRA in federal court. *Cephus v. Tex. Health and Human Servs. Comm'n*, 146 F. Supp. 3d 818, 829-30 (S.D. Tex. Nov. 19, 2015); *Hernandez v. Tex. Dept. of Human Services*, 91 Fed. Appx. 934, 935 (5th Cir. 2004)(*per curiam*); *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 322 (5th Cir. 2002); *Jackson*, 997 F. Supp. 2d at 636. Thus these claims should also be dismissed under the Eleventh Amendment and Rule 12(b)(1).

With regard to seeking leave to amend,

> [u]nder Federal Rule of Civil Procedure 15(a), a district court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "[T]he language of this rule evinces a bias in favor of granting leave to amend." *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005)(internal quotation marks omitted). Although leave to amend should not be automatically granted, "[a] district court must possess a substantial reason to deny a request for leave to amend[.] *Id.* (internal quotation marks omitted). Under Rule 15(a), "[d]enial of leave to amend may be warranted for undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of a proposed amendment." *United States ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 270 (5th Cir. 2010).

*Tucker Energy Services, USA, Inc. v. Ricoh Americas Corp.*, Civ. A. No. H-12-0417, 2012 WL 2403513, at *1 (S.D. Tex. June 25, 2012).

Plaintiff filed, without leave of Court or TWC's consent, her Second Amended Complaint eliminating her ADEA claims and an

-13-

untimely request in two memoranda (#14, in support of motion to remand, and "15, in opposition to TWC's motion to dismiss) to remand this suit to state court on the grounds that the suit "does not involve a federal question." #15 at p. 2; #14 at p. 1.

As TWC notes, Akorede failed to obtain consent from TWC to amend her complaint again. Furthermore TWC removed this action at a time when Akorede's Original Petition (and even her First Amended Complaint[7]) did contain ADEA claims involving federal questions. Given the timing of her remand request, i.e., after TWC filed its motion to dismiss and her effort to eliminate her ADEA claims, the Court agrees with TWC that Akorede's attempt to drop her federal claims was motivated by a desire to defeat the Court's subject matter jurisdiction. *See* 6 Wright, Miller & Kane, *Federal Practice & Procedure* § 1487 (3d ed. 2010)(bad faith has been found when "the plaintiff attempts to destroy the federal court's removal jurisdiction by altering the complaint so the case will be

---

[7] Under Federal Rule of Civil Procedure 15(a), "[a] party may amend its pleading once as a matter of course within . . .21 days of serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of the responsive pleading . . . ." Akorede served the petition and citation for personal service on the Secretary of State's Office on November 4, 2016 and WTC filed its Original Answer and Affirmative Defenses in the state court on November 28, 2016. WTC removed this suit on November 29, 2016, and Plaintiff filed her First Amended Complaint on December 27, 2016, before TWC filed its motion to dismiss on January 24, 2017. Thus it was too late to qualify "for amending as a matter of course" under Rule 15(a) and therefore it also required, but did not obtain, WTC's consent or the Court's leave to file it.

remanded."). Following removal, a plaintiff is not allowed to amend her complaint to eliminate any federal claims in an attempt to deprive the court of jurisdiction. *See Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991). "Once a case has been properly removed, there is very little that a plaintiff can do that will defeat federal subject-matter jurisdiction and force a remand to state court. . . . In contrast to [the] ability to destroy diversity jurisdiction, a plaintiff cannot destroy federal question jurisdiction by dismissing federal question claims. . . . In such situations, th federal court is empowered to retain jurisdiction over the state law claims as a matter of supplemental jurisdiction, although the court may, in its discretion, choose to remand such claims under 28 U.S.C. § 1367(c)." 14B Wright, Miller, Cooper & Steinman, *Federal Practice and Procedure* § 3721 (4th ed. 2009). *See also Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 507 (5th Cir. 1985)("a plaintiff cannot oust removal jurisdiction by voluntarily amending the complaint to drop all federal questions.")[8]; *Enochs v.*

---

[8] The Fifth Circuit explained the rationale for the rule, *id.* at 507,

> The policy behind this rule is obvious. When a plaintiff chooses a state forum, yet also elects to press federal claims, he runs the risk of removal. A federal forum for federal claims is certainly a defendant's right. If a state forum is more important to the plaintiff than his federal claims, he should have to make that assessment before the case is jockeyed from state court to federal court and back to state court. The jockeying is a drain on the resources of the state judiciary, the federal judiciary and the

*Lampasas County*, 641 F.3d 155, 167 (5th Cir. 2011).

Furthermore, Akorede requests remand based on 28 U.S.C. § 1447(c). Removal pursuant to 28 U.S.C. § 1447(c), which requires a district court to remand an action "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction," is inapposite here. *See Hook v. Morrison Milling Co.*, 38 F.3d 776, 780 (5th Cir. 1994)("[A] post-removal amendment to a petition that deletes all federal claims, leaving only pendent state claims, does not divest a district court of its properly triggered subject matter jurisdiction."); *Spear Marketing, Inc. v. BancorpSouth Bank*, 791 F.3d 586, 592 (5th Cir. 2015)(removal jurisdiction "is resolved by looking at the complaint *at the time the petition for removal is filed*," and "any *subsequent* narrowing of the issues such that the federal claims are eliminated and only pendent state claims remain, federal jurisdiction is *not* extinguished.")(*citing Hook*).

` This Court finds that Akorede's continuous failure to follow and to meet deadlines under the Federal Rules of Civil Procedure and her futile effort to drop her federal claims in a bad faith effort to destroy this Court's jurisdiction warrant denial of her request for leave to amend.

In sum, the Court concludes that dismissal of Plaintiff's

---

parties involved; tactical manipulation [by the] plaintiff . . . cannot be condoned.

claims under Rule 12(b)(1) is necessary. Accordingly, the Court ORDERS the following:

(1) Because TWC is an agency and arm of the State of Texas, entitled to sovereign immunity under the Eleventh Amendment from Defendants' ADEA and ADEA retaliation claims,[9] and under *Kimel,* 528 U.S. 62, because Congress lacked authority to abrogate immunity under the ADEA under the enforcement clause, section five of the Fourteenth Amendment, TWC's motion to dismiss them (#8) is GRANTED and all the ADEA claims are dismissed under Rule 12(b)(1);

(2) Although the Texas Legislature waived immunity for claims under the TCHRA in Texas state court, it did not waive immunity for them in federal courts, so the TCHRA claims against both Defendants under that statute in this federal Court are barred by Eleventh Amendment immunity and TWC's motion to dismiss the TCHRA claims (#8) is GRANTED and the TCHRA claims are dismissed under Rule 12(b)(1); and

(3) Plaintiff's motion to remand (#14) is DENIED.

SIGNED at Houston, Texas, this 7th day of August, 2017.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE

---

[9] *See, e.g., Pennhurst*, 465 U.S. at 100; *Jackson*, 997 F. Supp. at 623; *Taylor*, 2013 WL 3157529, at *623.